# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY BROADCASTING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV336 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SPECTRUM SCAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion for Leave to Amend Counterclaim (Filing No. 17) and Supplement to Motion for Leave to Amend Counterclaim (Filing No. 20). The defendant complied with NECivR 15.1(a) by attaching a copy of the proposed pleading to its motion. **See** Filing No. 20. The defendant did not file a brief in support of its motion. The plaintiff filed an Objection (Filing No. 21) and a brief (Filing No. 22) opposing the defendant's motions.

## BACKGROUND

On February 17, 2006, the plaintiff filed the instant action in the District Court of Scottsbluff County, Nebraska. **See** Filing No. 1. The plaintiff alleges there is a written contract between the parties, but that such contract is unenforceable because it is vague and ambiguous. The plaintiff also alleges the defendant has breached the contract and made negligent misrepresentations. After removal to this court, the defendant filed an answer and counterclaim alleging the plaintiff breached the parties' agreement. **See** Filing No. 5. The defendant now seeks to amend its counterclaim to add equitable claims based on quantum meruit and unjust enrichment. **See** Filing No. 20.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment"

leave to amend should be granted. **Doe v. Cassel**, 403 F.3d 986, 990-91 (8th Cir. 2005) (citation omitted); **see Stricker v. Union Planters Bank, N.A.**, 436 F.3d 875, 878 (8th Cir. 2006) (Leave to amend "may be denied if an amendment would be futile."). There is no absolute right to amend. **Cassel**, 403 F.3d at 990. Whether to grant a motion for leave to amend is within the sound discretion of the district court. **Gamma-10 Plastics**, 32 F.3d at 1255.

The defendant's motion is timely pursuant to the progression order. **See** Filing No. 14. The plaintiff opposes the defendant's motion arguing the addition of the equitable claims is inconsistent with the earlier claim of breach of contract. Additionally, the plaintiff contends the defendant's claims would not survive a motion to dismiss. However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." **Gamma-10 Plastics, Inc. v. Am. President Lines**, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." **Becker v. Univ. of Neb.**, 191 F.3d 904, 908 (8th Cir. 1999); **Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." **Sokolski**, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15-to facilitate decision on the merits rather than on the pleadings or technicalities." **Sharper Image Corp. v. Target Corp.**, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see Monahan v. New York City Dep't of Corr.**, 214 F.3d 275, 283 (2d Cir. 2000). "[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied." **Santiago v. Steinhart**, 1993 WL 410402 *1, 2 (S.D.N.Y. 1993). The Federal Rules of Civil Procedure specifically allow for inconsistent theories: "Relief in the alternative or of several different types may be demanded." Fed. R. Civ. P. 8(a). Accordingly, the defendant is not required to choose one or the other theory of recovery, as argued by the plaintiff.

While the plaintiff may or may not prevail on the disputed claims, the issue should be determined on the merits rather than as part of a motion to amend. Accordingly, the

plaintiff fails to meet its burden of showing it would be legally futile to allow the defendant to amend the answer to include the additional claims in controversy.  Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion for Leave to Amend Counterclaim (Filing No. 17) and Supplement to Motion for Leave to Amend Counterclaim (Filing No. 20) are granted.

2. The plaintiff's Objection (Filing No. 21) is overruled.

3. The defendant shall have **to on or before November 21, 2006**, to file the Answer and Amended Counterclaim.

DATED this 7th day of November, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge