IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY BROADCASTING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV336 |
| | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| SPECTRUM SCAN, LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL TRACY, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

This matter comes before the court on Tracy Broadcasting Corporation (TBC) and Michael Tracy's (Tracy) Motion to Dismiss and Remand (Filing No. 43). TBC and Tracy filed a joint brief (Filing No. 44) in support of the motion. Spectrum Scan, LLC (Spectrum) filed a brief (Filing No. 47) and an index of evidence (Filing No. 52) opposing the motion. For the reasons set forth below, the motion is denied.

**BACKGROUND**

This matter arises out of a dispute regarding an agreement between TBC, a Nebraska corporation, and Spectrum, a Kentucky limited liability company. *See* Filing No. 1, ¶ 3. TBC filed a complaint against Spectrum in the District Court of Scottsbluff County, Nebraska, seeking a declaratory judgment regarding an agreement between the parties involving the sale of KMOR, one of the radio stations TBC owns. *Id.* Exhibit A, ¶¶ A-D. Spectrum alleges the agreement between TBC and Spectrum required TBC to sell KMOR and to give 40% of the purchase price from the sale of KMOR to Spectrum in exchange for work Spectrum performed in upgrading KMOR's radio station license. *See* Filing No. 38, p.1. On April 28, 2006, Spectrum filed a notice of removal, pursuant to 28 U.S.C. §

1441 based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  *Id.* ¶ 3.  Spectrum then filed an answer to TBC's complaint and a counter-claim against TBC.  **See** Filing No. 5.  In this initial counter-claim, Spectrum sought to recover $1,400,000 plus costs from TBC for TBC's alleged failure to fulfill its contractual obligations under the agreement.

On April 26, 2007, Spectrum filed a Second Amended Counter-Claim and Cross-Complaint, in which Spectrum joined Tracy, a citizen of Nebraska, as a new party to the previously filed counter-claim against TBC.  **See** Filing No. 38, ¶ 5.  Tracy is the president and owner of TBC and the license holder of the radio station licenses held by TBC.  **See** Filing No. 52, pp. 8, 11.  Tracy also has invested approximately $500,000 in KMOR.  **See** Filing No. 52, p. 4.  The Second Amended Counter-Claim and Cross-Claim lists Tracy as a "cross-defendant."

Spectrum's Second Amended Counter-Claim and Cross-Claim alleges nine theories of liability against Tracy, TBC, or both.  The specific allegations Spectrum avers against Tracy are:  1) Tracy, with TBC, attempted to defraud Spectrum by transferring an interest in KMOR to Tigre Broadcasting, an entity primarily owned by TBC and Tracy, and concealed the transfer so as to avoid selling KMOR and paying Spectrum 40% of the purchase price of KMOR, 2) Tracy tortiously interfered with TBC and Spectrum's agreement, by assisting in the transfer of the TBC interest in KMOR, 3) Tracy aided and abetted TBC in the fraudulent conveyance of TBC's interest in KMOR to Tigre Broadcasting, and 4) Tracy's actions deprived Spectrum of the benefit of its bargain by making impossible the performance of the agreement between TBC and Spectrum.  **See generally** Filing No. 38.  Based on this series of alleged conduct, Spectrum avers Tracy is liable to Spectrum for damages.  *Id.* pp. 9-10.

On May 11, 2007, TBC and Tracy filed a joint motion to dismiss and remand.  In their joint brief, TBC and Tracy contend remand is proper because TBC (the original plaintiff) and Tracy (the "cross-defendant") are both citizens of Nebraska, and Tracy, as a "cross-defendant," is an indispensable party to the action pursuant to Rule 19.  TBC and Tracy argue this court lacks proper original jurisdiction in this matter pursuant to 28 U.S.C. § 1332 under these circumstances.  Spectrum, in contrast, contends diversity of citizenship under section 1332 is proper, because TBC and Tracy appear to have identical interests

in the action, and because the court has the power to realign parties according to their interests in the action.

## ANALYSIS

**A.     Removal and Remand of the Action**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." **Kokkonen v. Guardian Life Ins. Co. of Am.**, 511 U.S. 375, 377 (1994). Spectrum originally removed this action to federal court pursuant to 28 U.S.C. § 1441. Section 1441 allows a defendant in a civil action to remove an action to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a) (2000). Removal to this court was based upon 28 U.S.C. § 1332, diversity of citizenship. Jurisdiction based on diversity of citizenship requires the amount in controversy exceed $75,000 and for the action to be between "citizens[1] of different states." 28 U.S.C. § 1332(a)(1) (2000). It is alleged that TBC is a Nebraska company and Spectrum is a Kentucky company. These allegations appear to satisfy the diversity of citizenship requirement of section 1332.

The burden is on the removing party to demonstrate that the requisite amount in controversy is met. **James Nefl Kramper Family Farm P'ship v. IBP, Inc.**, 393 F.3d 828, 831 (8th Cir. 2005). In its Notice of Removal, Spectrum asserted the value of the injunctive and monetary relief TBC sought in its original complaint against Spectrum would exceed $75,000. **See** Filing No. 1, p. 2. TBC averred in its original complaint Spectrum gave an estimate to TBC that TBC's radio station, KMOR, would sell for approximately $5,000,000. **See** Filing No. 1, p. 4. Also, the agreement between TBC and Spectrum specified TBC would receive 60% of the proceeds from the sale of KMOR. **See** Filing No. 1, p. 8. These circumstances are sufficient to prove TBC's original action would have exceeded the $75,000 threshold prior to removal. Therefore, removal of the action to the federal court

---

[1] For the purpose of ascertaining proper jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441, corporations are "citizens" of the states where the corporation is incorporated and where the corporation has its principle place of business. 28 U.S.C. § 1332(c)(1).

system was proper pursuant to section 1441 before the addition of Tracy to the action, as this court had original subject-matter jurisdiction over the action at that time.

With the addition of Tracy to the action, however, TBC and Tracy seek to have this court remand the action, as both TBC and Tracy are citizens of Nebraska. In an action removed to the federal court system, a district court must remand a case if, at any time, the court lacks subject-matter jurisdiction over the action. **See** 28 U.S.C. § 1447(c); ***Grupo Dataflux v. Atlas Global Group, L.P.***, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."). Even if neither party contests subject-matter jurisdiction, courts may raise jurisdiction issues *sua sponte*, when there is an appearance jurisdiction may be lacking. ***Thomas v. Basham***, 931 F.2d 521, 523 (8th Cir. 1991).

If, as TBC and Tracy claim, Tracy is a "cross-defendant" to the original action originally filed by TBC, this court would be forced to remand the action to the state court in the District of Scottsbluff County, Nebraska, as directed by section 1447, as the matter would involve citizens of the same state in violation of section 1332. For the following reasons, however, the TBC/Tracy motion is without merit.

**B.    Tracy is a Counter-Defendant Joined Pursuant to Fed. R. Civ. P. 13(h)**

Although the parties refer to Tracy as being a "cross-defendant", this is an incorrect label. Tracy's actual status in the action is that of "counter-defendant." A cross-defendant is a "party against whom a cross-claim is asserted." BLACK'S LAW DICTIONARY 405 (8th ed. 2004). Rule 13(g) denotes that cross-claims are "claim[s] by one party against a co-party." Fed. R. Civ. P. 13(g); **see also *Thomas v. Barton Lodge II, Ltd.***, 174 F.3d 636, 652 (5th Cir. 1999), **and *M.D.C. Wallcoverings v. State Bank of Woodstock***, No. 3:90CV20089, 1990 WL 304189, at *5 (N.D. Ill. Sept. 10, 1990). In order for Tracy to be a cross-defendant, Tracy would need to be a co-party of Spectrum's in this action.

A co-party is "a litigant or participant in a legal transaction who has a like status with another party." BLACK'S LAW DICTIONARY 359; **see also *Murray v. Haverford Hosp. Corp.***, 278 F. Supp. 5, 6 (E.D. Pa. 1968). Spectrum and Tracy are not co-parties, as they do not share a like status as defendants to the original action filed by TBC. TBC did not file a

4

claim against Tracy in its original request for declaratory judgment. Furthermore, Spectrum and Tracy are adverse parties, so Tracy cannot be a co-party of Spectrum. **See** *Earle M. Jorgenson Co. v. T.I. U.S., Ltd.*, 133 F.R.D. 472, 474 (E.D. Pa. 1991) (holding "sufficiently non-adverse" relationship may qualify parties as co-parties).  If Tracy and Spectrum were co-parties, then the TBC/Tracy motion to remand would have merit, as Tracy would be adverse to TBC, thereby destroying diversity of citizenship.  Because Tracy and TBC, however, are not adversaries, the fact that both share a common state of citizenship does not violate the principles of diversity jurisdiction under 28 U.S.C. § 1332.

In Spectrum's brief in opposition to the motion, Spectrum states it joined Tracy as a "cross-defendant" pursuant to Rule 14.  **See** Filing No. 50 at 5.  This was not the procedural mechanism providing Tracy's joinder to the action.  Rule 14, entitled "Third Party Practice", allows a defending party (a.k.a. third-party plaintiff) to commence an action against a third party, who was not previously a party to the lawsuit, if the third party "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a); **see also** *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).  Tracy cannot be a third-party defendant added to the action under Rule 14, as Spectrum does not contend that Tracy is potentially liable to Spectrum for all or part of Spectrum's potential liability to TBC.  Spectrum asserts Tracy is liable to Spectrum, because Tracy's actions in the dealings between Spectrum and TBC caused damage to Spectrum.  This scenario does not fit within the traditional characterization of third-party practice under Rule 14.

The proper procedural mechanism by which Spectrum joined Tracy to the action was Rule 13(h).  Rule 13 governs the procedural practice of utilizing counter-claims and cross-claims in a civil action.  Rule 13(h), entitled "Joinder of Additional Parties", provides: "Persons other than those made parties to the original action may be made parties to a counter-claim or cross-claim in accordance with the provisions of Rules 19 and 20."  Fed. R. Civ. P. 13(h).  If a person meets the characteristics of a Rule 19 or 20 party, then that person may be joined via a counter-claim.  *Id.*

Tracy meets the criteria of a person who may be permissibly joined pursuant to Rule 20, which allows for the joinder of parties where the claim for relief arises out of the same

transaction, occurrence, or series of transactions or occurrences as are present in the original action. Fed. R. Civ. P. 20(a). All of the claims Spectrum avers against Tracy arise out of the agreement between Spectrum and TBC. Spectrum claims that Tracy committed fraud, tortiously interfered with the agreement between TBC and Spectrum, aided TBC in making a fraudulent conveyance, and took actions that made performance of the TBC/Spectrum agreement impossible. Collectively, these claims by Spectrum against Tracy lead to a conclusion that Tracy's presence in the action arises out of the same series of transactions and occurrences as those of TBC and Spectrum. Tracy meets the requirements of a party who may be permissibly joined in an action pursuant to Rule 20.[2]

Under the facts alleged in the counter-claim, Spectrum could not join Tracy to this action pursuant to Rule 14. Spectrum, however, could properly join Tracy to the action in Spectrum's counter-claim against TBC, pursuant to Rule 13(h), as Tracy met the qualifications of a party to be joined pursuant Rule 20.

### C.   The Court May Determine Where Parties are Aligned in the Action

Merely because Tracy is a proper party in the action under Rule 13(h) does not raise a presumption that Tracy should be aligned with Spectrum upon joining the action for ascertaining whether jurisdiction is proper with this court. Because the interests of TBC and Tracy are closely related, and because there is no actual, substantive controversy between them, TBC and Tracy should be aligned on the same side of the action for the purpose of diversity of citizenship analysis.

Diversity jurisdiction requires an "actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." ***City of Indianapolis v. Chase Nat'l Bank of City of New York***, 314 U.S. 63, 69 (1941) (internal citations and quotations omitted). There is no "actual, substantial controversy" between TBC and Tracy alleged in the pleadings.

---

[2] The TBC/Tracy brief filed in support of the Motion to Remand states Tracy is a proper party in the action pursuant to Rule 19 (Joinder of Persons Needed for Adjudication), but provides no analysis for this conclusion. Because Rule 13(h), however, allows for joinder of additional parties who meet the criteria of either Rule 19 or Rule 20, and since Tracy may be joined permissibly pursuant to Rule 20, the court declines to analyze whether Tracy meets the requirements of Rule 19.

Conversely, there are numerous actual, substantial controversies between Spectrum and both TBC and Tracy, as shown in Spectrum's Second Amended Counter-Claim and Cross-Claim and in TBC's original complaint. The lack of a controversy between TBC and Tracy supports aligning TBC and Tracy on the same side of the action for the purpose of analyzing whether diversity of citizenship exists.

In litigation involving more than two parties, a court must conduct a substantive analysis of the ultimate ends of each party, so as to arrange the parties according to their actual interests in the action. **See *Dryden v. Dryden***, 265 F.2d 870, 873 (8th Cir. 1959) (**citing *City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.***, 197 U.S. 178, 180 (1905)). The determination of who is a plaintiff and who is a defendant is a determination made by the courts, and not by the parties to the litigation. ***Chase***, 314 U.S. at 69. The court must ascertain what is each party's "principal purpose [in] the suit" and what is "the primary controlling matter in dispute," in order to determine where to align each of the parties in the lawsuit for the purposes of diversity of citizenship analysis. ***Id.*** "Litigation is the pursuit of practical ends, not a game of chess." ***Dryden***, 265 F.2d at 873.

The ultimate ends of TBC and Tracy are closely related, thereby linking their actual interests in action. In this case, Tracy is the president of TBC, he considers himself the owner and licensee of TBC's radio stations, and he has invested approximately $500,000 in KMOR. Moreover, Spectrum's alleges Tracy took actions to convey TBC's interest in KMOR to Tigre Broadcasting in an effort to defraud Spectrum and frustrate the agreement between TBC and Spectrum. If true, Tracy's actions would have benefitted Tracy's company, TBC, and injured Spectrum. Spectrum would not have been able to collect 40% of the purchase price from the sale of KMOR. These closely related interests between TBC and Tracy support aligning TBC and Tracy on the same side of the action.

Several actual, substantial controversies exist between Spectrum, on one side, and TBC and Tracy, on the other side, as delineated in Spectrum's Second Amended Counter-Claim and in TBC's original complaint. In addition, the ends of TBC and Tracy are closely related. Spectrum, therefore should be aligned on the opposite side of the action from both TBC and Tracy.

D.       **Conclusion**

Upon the proper aligning of Tracy on the same side of the lawsuit as TBC, diversity of citizenship exists between the parties, as defined by 28 U.S.C. § 1332. TBC and Tracy are citizens of Nebraska. Spectrum is a citizen of Kentucky. The amount in controversy in the action exceeds $75,000. Therefore, original jurisdiction in this action properly exists in this court pursuant to section 1332.

**IT IS ORDERED:**

Tracy Broadcasting Corporation and Michael Tracy's Motion to Dismiss and Remand (Filing No. 43) is denied.

DATED this 22nd day of June, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge