IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY BROADCASTING CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>SPECTRUM SCAN, LLC,<br><br>        Defendant,<br><br>v.<br><br>MICHAEL TRACY,<br><br>        Counter-Defendant. | 8:06CV336<br><br>FOURTH AMENDED ORDER<br>SETTING FINAL SCHEDULE<br>FOR PROGRESSION OF CASE |

Following a conference with counsel on Plaintiff's and Counter Defendant's motion to continue the pretial and trial (Filing No. 111).  Upon consideration,

**IT IS ORDERED:**

1.  Plaintiff's and Counter Defendant's motion to continue the pretial and trial (Filing No. 111) is granted as set forth below.

2.  **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    a.  **Deposition Testimony and Discovery -** In accordance with NEGenR 1.1(c), unless otherwise ordered, the requirement of NECivR 16.2(a)(2)(F), of designating discovery intended to be utilized at trial, is suspended for this case; motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

    b.  **Trial Exhibits - On or before May 2, 2008:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination

of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**Waiver of Objections**:  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

      3. **Motions in Limine.**  Any motions *in limine* shall be filed on or before **May 9, 2008**.

      4. **The Final Pretrial Conference** with the undersigned magistrate judge is set for **May 16, 2008, at 1:30 p.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[1]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

      8. **Trial** is set to commence **at 8:30 a.m. on June 9, 1008**, in Omaha, Nebraska, before the undersigned magistrate judge.

      9. **Motions to alter dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in

---

[1] Except as noted above in Paragraph 4(b).  Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 21st day of March, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge